# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:14cr129 |
| | § | |
| STEPHANIE ANN WILLIAMSON (2) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On August 4, 2015, the Court held a hearing on Defendant's Unopposed Motion to Withdraw Plea (Dkt. 110), the matter having been referred to the undersigned by the Honorable Marcia A. Crone (*see* Dkt. 115).

On April 16, 2015, this Court held Defendant's plea hearing in this matter, and, on April 23, 2015, United States District Judge Marcia A. Crone adopted the recommendation, finding Defendant guilty as to County One of the Indictment charging a violation of 21 U.S.C. § 846. After the initial pre-sentence report was filed, Defendant filed her Unopposed Motion to Withdraw Plea, arguing that "after a review of the PSR and further discussions between the Government and the Defense, both parties have agreed that a plea to an information on this case for this defendant most effectively accomplishes the goals of the justice system." Dkt. 110. Defendant has not yet been sentenced on the original plea.

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, a court must generally look at the following factors: (1) whether the defendant has asserted her innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3)

1

whether the defendant has delayed in filing her withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

In this case, the parties agree that the original plea should be withdrawn due to a miscalculation of Defendant's expected sentencing range. At the hearing, counsel argued that the withdrawal is appropriate because the original plea agreement was made under incorrect assumptions regarding the classification of Defendant's criminal history. Counsel for the Government explained that Defendant's current sentencing range does not reflect her role in the drug distribution conspiracy when compared to the expected sentences of other co-conspirators. According to the record herein, the parties have agreed that Defendant will enter a plea to an information with a sentencing range that reflects her role in the conspiracy. The Court finds that the Government's lack of opposition to the withdrawal of the original plea is reason alone to grant the request.

As to the *Carr* factors, the Court finds that, although Defendant does not assert her innocence and although Defendant's original plea was voluntarily made with the close assistance of counsel, the Government will not suffer prejudice in the withdrawal (indeed, the Government joins in the request). The Court further notes that the motion was filed promptly after receipt and review of the initial pre-sentence investigation report. As to inconvenience to the Court and the waste of judicial resources, although the Court notes that the parties' "incorrect assumptions" as to Defendant's criminal history has caused the unnecessary expenditure of Court resources, the Court finds that it

is in the best interests of justice to permit Defendant to withdraw her plea prior to sentencing. Because an information has been filed to which Defendant has stated she will plead guilty, no further resources will be wasted in permitting the withdrawal.

## RECOMMENDATION

For these reasons, the Court recommends that the District Court GRANT Defendant's Unopposed Motion to Withdraw Plea (Dkt. 110).

At the hearing, the parties waived their right to file written objections to the findings and recommendations of the magistrate judge under 28 U.S.C.A. § 636(b)(1)(c). Therefore, this report and recommendation is presented immediately to the District Judge for consideration.

**SIGNED this 6th day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE